### UNITED STATES DISTRICT COURT
### DISTRICT OF MINNESOTA

| | |
|---|---|
| Michael Vinh,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Express Scripts, Inc.,<br><br>　　　　　Defendant. | Case No. CaseNumber<br><br>**DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT** |

Defendant Express Scripts, Inc.,[1] ("Defendant"), under 28 U.S.C. §§ 1332, 1441, and 1446, removes to the United States District Court for the District of Minnesota the action entitled *Michael Vinh v. Express Scripts, Inc.*, currently pending in Hennepin County District Court, Fourth Judicial District, State of Minnesota. As grounds for removal, Defendant states as follows:

### TIMELINESS OF REMOVAL

1.　　Plaintiff Michael Vinh ("Plaintiff") sued Defendant by serving his state-court Complaint on Defendant on May 18, 2018. Defendant requested and Plaintiff granted an extension of time to answer or otherwise respond until June 21, 2018. Upon information and belief, Plaintiff's counsel has not yet filed any pleadings in Hennepin

---

[1] Express Scripts Inc. is incorrectly named. Plaintiff's employer was Express Scripts Services Company. Express Scripts Services Company, is a wholly owned subsidiary of Express Scripts, Inc. The identity of Plaintiff's employer does not affect the removal.

County District Court, Fourth Judicial District, State of Minnesota.  As required under 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served on Defendant are attached as **Exhibit A**.

2.      No further substantive proceedings have taken place since the service of the Summons and Complaint.

3.      Plaintiff's Complaint alleges disability discrimination in violation of the Minnesota Human Rights Act (MHRA), Minn. Stat. §§ 363A.08, subd. 2(2); 363A.08, subd. 6; and 363A.15.

4.      Under 28 U.S.C. §§ 1441 and 1446, removal is timely if it is filed within 30 days after a defendant is served with a summons and the initial pleading.  Defendant is timely filing this removal within 30 days of service of the Summons and Complaint.

**VENUE**

5.      The state court where the action is pending is located within the Hennepin County District Court, Fourth Judicial District, State of Minnesota, which is within the federal judicial district of the District of Minnesota.  28 U.S.C. § 103.  Therefore, venue is proper in this Court because it is the "district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

**BASIS FOR REMOVAL:  DIVERSITY JURISDICTION**

6.      This action is properly removable under 28 U.S.C. § 1441(a), because the United States District Court has original jurisdiction in this case under 28 U.S.C. § 1332(a), which requires the parties to be citizens of different states and the amount in controversy to exceed $75,000.

*Diversity of Citizenship*

7.      Plaintiff is a citizen of the State of Minnesota, domiciled in the City of Golden Valley, Minnesota.  Exhibit A, Complaint ¶ 1.

8.      Defendant Express Scripts, Inc. is a corporation duly organized under the laws of the State of Delaware with its principal place of business in St. Louis, Missouri.

9.      Plaintiff's employer, Express Scripts Services Company, is a corporation duly organized under the laws of the State of Delaware with its principal place of business in St. Louis, Missouri.  Express Scripts Services Company, is a wholly owned subsidiary of Express Scripts, Inc.

10.      Therefore, complete diversity exists between the named parties under 28 U.S.C. § 1332, as Plaintiff is not a citizen of the same state as Defendant Express Scripts, Inc. or Plaintiff's employer, Express Scripts Services Company.

*Amount in Controversy*

11.      The standard for determining whether a plaintiff's claim meets the amount in controversy requirement is whether the district court finds, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.  28 U.S.C. § 1446(c)(2)(B).

12.      Courts generally may consider actual, compensatory, punitive damages, emotional distress damages, and attorney fees in determining whether the amount in controversy exceeds $75,000.  *See Allison v. Sec. Ben. Life Co.*, 980 F.2d 1213, 1215 (8th Cir. 1992) (noting that punitive damages should be included within the amount of controversy); *Kopp v. Kopp*, 280 F.3d 883, 885-86 (8th Cir. 2002) (including emotional distress damages within the amount of controversy); *Capital Indem. Corp. v. Miles*, 978

F.2d 437, 438 (8th Cir. 1992) (noting that attorney fees should be included within the amount in controversy).

13.     Here, Plaintiff alleges damages "in excess of $50,000.00" for "mental anguish, lost income, pain, suffering, attorney fees and costs, and other damages." Exhibit A, Complaint ¶ 16.  Plaintiff's alleged damages also include "damages and relief available under Minn. Stat. §§ 363A.29, subd. 4(a) and subd 5(1), including but not limited to, damages for mental anguish or suffering and other damages."  Exhibit A, Complaint (Prayer for Relief).

14.     The MHRA allows for punitive damages up to $25,000 and for trebling of damages.  Minn. Stat. § 363A.29, subd. 4.

15.     The potential for punitive damages, emotional distress damages, attorney fees, trebling of actual damages under the MHRA, and other categories of damages pushes Plaintiff's alleged damages over $75,000.  Similarly, attorney fees in prosecuting a single-plaintiff employment case such as this regularly exceed $75,000.  *See Ryther v. KARE 11*, 864 F. Supp. 1525, 1535 (D. Minn. 1994) (awarding attorney fees in the amount of $276,314.00 in a single-plaintiff age discrimination case); *Wal-Mart Stores, Inc. v. Barton*, 223 F.3d 770, 770-74 (8th Cir. 2000) (upholding the district court's award of $106,832.60 in attorney fees where a single Plaintiff recovered only $25,000 in damages on her Title VII claims and was unsuccessful on her other five claims).

16.     Accordingly, Defendant believes in good faith (without any admission as to the merits of those allegations) that the total amount in controversy exceeds the

jurisdictional amount of $75,000 set forth in 28 U.S.C. § 1332(a), based upon the allegations in the Complaint.

17.     Defendant vigorously opposes Plaintiff's claimed entitlement to punitive damages, emotional distress damages, attorney fees, and damages under the MHRA, but these allegations ensure that the amount in controversy exceeds $75,000.  Claimed punitive damages, emotional distress damages, and attorney fees should be considered when determining whether the amount in controversy exceeds $75,000.  *See Allison*, 980 F.2d at 1215; *Kopp*, 280 F.3d at 885-86; *Capital Indem.*, 978 F.2d at 438.

18.     Accordingly, this Court has diversity jurisdiction because the parties are diverse and the amount in controversy exceeds $75,000.

## CONCLUSION

19.     Promptly upon filing this Notice of Removal, Defendant shall give written notice to Plaintiff's counsel at the address set forth in the Complaint:  5200 Willson Rd., Suite 150, Edina, Minnesota 55424.

20.     Additionally, on the same date as this Notice of Removal was signed, Defendant filed a copy of this Notice of Removal with the Clerk of Hennepin County District Court, Fourth Judicial District, State of Minnesota, the district in which this action was commenced and pending at this time this Notice of Removal was filed with this Court.  **Exhibit B**, Notice of Filing of Notice of Removal.

21.     By removing this matter, Defendant does not waive or intend to waive any defenses, including but not limited to, insufficiency of process and insufficiency of service of process.

5

22.     Defendant will timely file and serve its Answer within seven days of this removal in accordance with Fed. R. Civ. P. 81(c)(2)(C).

WHEREFORE, Defendant respectfully requests that the above-entitled action now commenced against it in Hennepin County District Court, Fourth Judicial District, State of Minnesota, be removed therefrom to this Honorable Court.

Dated:  June 18, 2018                         Respectfully submitted,

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P. C.


s/Stephanie J. Willing
Hal A. Shillingstad, MN #195777
Stephanie J. Willing, MN #0393369
Capella Tower
225 South Sixth Street, Suite 1800
Minneapolis, MN  55402
Telephone:  612.339.1818
Fax:  612.339.0061
hal.shillingstad@ogletree.com
stephanie.willing@ogletree.com

*Attorneys for Defendant Express Scripts, Inc.*

34442656.1

6