| | |
|---|---|
| STATE OF OF MINNESOTA | DISTRICT COURT |
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT |

Case Type: Employment

Michael Vinh,　　　　　　　　　　　　　Court File Number: _____

　　　　　　　Plaintiff,

vs.　　　　　　　　　　　　　　　　　　　　　**SUMMONS**

Express Scripts, Inc.

　　　　　　　Defendant.

THIS SUMMONS IS DIRECTED TO THE ABOVE-NAMED DEFENDANT.

　　**1. YOU ARE BEING SUED.** The Plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you is attached to this summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no court file number on this summons.

　　**2. YOU MUST REPLY WITHIN 20 DAYS TO PROTECT YOUR RIGHTS.** You must give or mail to the person who signed this summons **a written response** called an Answer within 20 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this summons located at:

　　Thomas D. Fiebiger
　　Fiebiger Law LLC
　　5200 Willson Rd., Suite 150
　　Edina, MN 55424

　　**3. YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to the Plaintiff's Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

　　**4. YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not Answer within 20 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the complaint. If you do not want to contest the claims stated in the

complaint, you do not need to respond. A default judgment can then be entered against you for the relief requested in the complaint.

     **5. LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.**

     **6. ALTERNATIVE DISPUTE RESOLUTION.** The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

_____      _5/18/18_____
Thomas D. Fiebiger (#0307506)            Dated
Fiebiger Law LLC
5200 Willson Rd., Suite 150
Edina, MN 55424
(612) 399-6474

**ATTORNEY FOR PLAINTIFF**

| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT |

Case Type: Employment

Michael Vinh,

Court File No: _____

Plaintiff,

vs.

**COMPLAINT**

Express Scripts, Inc.

Defendant.

COMES NOW, the above-named plaintiff who states and alleges as and for her Complaint as follows:

## PARTIES

1. Plaintiff Michael Vinh (hereafter plaintiff Vinh) is an individual who lives in the city of Golden Valley, State of Minnesota, County of Hennepin.

2. Defendant Express Scripts, Inc., (hereafter defendant Express Scripts) is a foreign corporation incorporated in the state of Delaware, and whose registered office in Minnesota is 2345 Rice Street, Suite 230, St. Paul, Minnesota. At all material times defendant Express Scripts operated an office located at 6625 West 78th Street, Bloomington, MN, county of Hennepin, where plaintiff Vinh worked. Defendant Express Scripts offers pharmacy benefit management services. The company provides network- pharmacy claims processing, benefit design consulting, drug utilization review, formulary management, and medical and drug

1

data analysis services.   Defendant Express Scripts employs more than fifteen employees.

## FACTUAL ALLEGATIONS

3. Plaintiff Vinh was employed by defendant Express Scripts from May 15, 2000, until May 4, 2016, most recently as a Senior Project Manager, until he was wrongfully and discriminatorily terminated.

4. In July of 2015, plaintiff Vinh started experiencing the symptoms of, and was diagnosed with, a disability, cervical dystonia. This impairment interferes with and materially limits major life activities of plaintiff Vinh. Defendant Express Scripts was aware of the symptoms plaintiff Vinh was having. On August 12, 2015, plaintiff Vinh had an intermittent medical leave request approved by defendant Express Scripts before applying for short term disability insurance under the company short term disability insurance plan.   On or about September 9, 2015, plaintiff Vinh's physician wrote a letter to the insurance company administering the company plan advising them that plaintiff was unable to work. This certification was provided as a part of plaintiff Vinh' request for leave under the Family Medical Leave Act (FMLA). Defendant was made aware of the letter and plaintiff Vinh's requesting a shortterm disability insurance medical leave of absence from defendant. Defendant Express Scripts approved plaintiff Vinh's short term disability leave request on or about September 28, 2015, and Vinh's FMLA request.

5. A couple days after plaintiff Vinh was on approved disability leave, he received his 2015, mid-year performance evaluation, via conference call, from

2

defendant. The evaluation had originally been scheduled for September 25, 2015, but had been rescheduled for October 2, 2015. During the mid-year evaluation call plaintiff Vinh was given a negative "Threshhold" rating for the mid-year. There was no discussion at the time by defendant Express Scripts with plaintiff Vinh of any performance improvement plan. Plaintiff Vinh was off work on short term disability from September 28, 2015, until defendant Express Scripts approved his return to work. Plaintiff Vinh returned to work, part time, on February 15, 2016. The Release to Return to Work and signed by plaintiff Vinh's medical service provider, dated January 31, 2016, set out the main concerns and limitations as being plaintiff's sitting at the computer staring at the screen, noting the constant visual stimulation and stress were the top priority.

6. Approximately one week after plaintiff Vinh returned to work part time with limitations in February 2015, his supervisor scheduled his 2015 year end performance review. Plaintiff Vinh's year end 2015 performance review was the same as his mid year 2015 performance evaluation, even though he had been off work on approved disability leave and he could not address any issues raised at his mid year evaluation. Only after plaintiff Vinh had been diagnosed with cervical dystonia and his short term disability had been approved was he presented with a negative 2015 mid-year review by defendant Express Scripts. Plaintiff Vinh was not given a copy of his 2015 year end performance evaluation until after he was terminated and had requested his personnel file from defendant Express Scripts. This was

different from the other performance evaluations plaintiff Vinh had received in the past from defendant Express Scripts that had provided an opportunity for plaintiff Vinh to acknowledge his receipt of the evaluation.

7. Plaintiff Vinh had worked for defendant Express Scripts for fifteen years prior to his being diagnosed with his disability and had not received any warnings or written documentation to improve on his performance until after he had been diagnosed with cervical dystonia and requested his necessary medical leave.

8. Plaintiff Vinh did not have a current written job description from defendant Expess Scripts setting out the essential functions of his job at the time he was placed on the performance improvement plan. Plaintiff Vinh had moved into a new role in 2014 with different job responsibilities and functions than his prior job. Plaintiff Vinh was satisfactorily performing the essential functions of his job at the time of his request for medical leave and at the time of his termination on or about May 4, 2016.

9. Shortly after plaintiff Vinh had returned to work from his leave on a part time basis in February 2016, defendant Express Scripts management met with him on March 2, 2016, and placed him on a performance improvement plan (called a "Success Rx plan" by defendant Express Scripts). The Success Rx plan was to run from March 2, 2016, until April 29, 2016. Plaintiff Vinh came back on a more full time basis on or about April 8, 2016 to test his tolerance. He was to do exercises every hour or two  Plaintiff's supervisor said she would work with him to help him be successful, but she did not make an effort to

4

give him requested feedback or help him succeed with the plan during the sixty day plan period. Defendant Express Scripts had agreed to the action plan and suggestions made by plaintiff Vinh on how to improve and move forward with the performance improvement plan. Plaintiff Vinh's supervisor cancelled agreed upon meetings with plaintiff Vinh during this sixty day improvement plan period. Despite plaintiff Vinh's repeated requests for feedback from his supervisor on any issues or problems perceived during the sixty day improvement period, his supervisor did not relate to him any issues or problems. Plaintiff Vinh satisfactorily performed the duties asked of him during the time frame of the performance improvement plan.

10. Less than a week before plaintiff Vinh was terminated by defendant Express Scripts he was transferred to work under a new Director. His prior supervisor at the time had told him a week prior to his May 4, 2016, termination that the two of them would continue to be working on a project together through June of 2018. This transfer and assurances of a continued working relationship on a project with his former supervisor just days before he was terminated were never explained to plaintiff by defendant and are not credible and inconsistent with defendant's allegations that plaintiff's performance was the reason for his termination. Defendant failed to accommodate plaintiff Vinh and wrongfully terminated his employment.

## JURY DEMAND

11. Plaintiff hereby demands trial by jury on all issues and claims triable by jury as a matter of right or law.

## **COUNT I – VIOLATIONS OF MINNESOTA HUMAN RIGHTS ACT**

12. Plaintiff realleges paragraphs 1 through 11 and incorporates them herein. By the above-described conduct, defendant Express Scripts discriminated against Plaintiff Vinh because of his disability in violation of Minn. Stat. § 363A.08, subd. 2 (2), by wrongfully discharging him because of his disability, or perceived disability.

13. By the above-described conduct, defendant discriminated against plaintiff Vinh because of his disability, or perceived disability, in violation of Minn. Stat. § 363A.08, subd. 6, by failing to provide reasonable accommodations for plaintiff.

14. Defendant further failed to engage in an interactive process in violation of Minn. Stat. §363A.08, subd. 6.

15. By the above-described conduct, defendant Express Scripts engaged in reprisal against plaintiff Vinh for engaging in the protected conduct of requesting reasonable accommodations from Defendant in violation of Minn. Stat. § 363A.15.

16. As a direct result of the unlawful discriminatory conduct of defendant, plaintiff has been injured and sustained damages for mental anguish, lost income, pain, suffering, attorney fees and costs, and other damages, in excess of $50,000.00.

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1. Damages in excess of $50,000.00 for Count I.

2. An Order determining that defendant has violated the Minnesota Human Rights Act.

3. An award of past and future loss of income, benefits, wages, and all economic amounts recoverable under the Minnesota Human Rights Act.

4. Injunctive relief as is just and equitable.

5. Damages and relief available under Minn. Stat. §§ 363A.29, subd. 4 (a) and subd. 5 (1), including, but not limited to, damages for mental anguish or suffering and other damages.

6. Treble damages as are allowable under the MHRA, Minn. Stat. § 363A.29, subd. 4(a).

7. Damages as permitted by the applicable statute and law.

8. Costs, disbursements and attorney's fees as permitted by law.

9. For such other and further relief as the court deems just and equitable.

**FIEBIGER LAW LLC**

Dated: 5/18/18

Thomas D. Fiebiger (#0307506)
Rolf T. Fiebiger (#391138)
5200 Willson Rd., Suite 150
Edina, MN 55424
(612) 399-6474
tom@fiebigerlaw.com
rolf@fiebigerlaw.com

**ATTORNEYS FOR PLAINTIFF**

**ACKNOWLEDGMENT**

The above-named plaintiff and his undersigned attorney acknowledge that costs, disbursements and reasonable attorneys and witness fees may be awarded to the opposing party or parties pursuant to Minnesota Statutes Section 549.211.

Thomas D. Fiebiger (#0307506)

7